# EXHIBIT A

# Case Information

DC-17-10970 | ANGEL REYES, et al vs. ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY, et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-10970 | 193rd District Court | GINSBERG, CARL |
| File Date | Case Type | Case Status |
| 08/28/2017 | CNTR CNSMR COM DEBT | OPEN |

# Party

**PLAINTIFF**
REYES, ANGEL

Active Attorneys ▾
Lead Attorney
POTTER,
COURTNEY R.
Retained

Work Phone
210-490-7402

Fax Phone
210-490-8372

**PLAINTIFF**
REYES, CARMELA

Active Attorneys ▾
Lead Attorney
POTTER,
COURTNEY R.
Retained

Work Phone
210-490-7402

Fax Phone
210-490-8372

**DEFENDANT**
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Address
BY SERVING ITS REGISTERED AGENT CT
CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS TX 75201

---

DEFENDANT
DANFORTH, BRIAN

Address
7965 PR 7408
CHANDLER TX 75758

## Events and Hearings

08/28/2017 NEW CASE FILED (OCA) - CIVIL

08/28/2017 ORIGINAL PETITION ▾

POP.pdf

08/28/2017 CASE FILING COVER SHEET ▾

Signed CC Info Sheet.pdf

08/28/2017 REQUEST FOR SERVICE ▾

Dallas County Citation Request.pdf

08/28/2017 ISSUE CITATION

08/28/2017 JURY DEMAND

08/30/2017 CITATION ISSUED ▾

DC17-10970 BD.pdf
DC17-10970 AV.pdf

08/30/2017 CITATION▾

Anticipated Server

ESERVE
Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/19/2017
Anticipated Server
ESERVE

Anticipated Method
Comment
ESERVE 19161698 Courtney Potter-
courtney.potter@krwlawyers.com/TJ.

10/19/2017 RETURN OF SERVICE ▾

ALLSTATE

Comment
CIT EXEC 10/13/17 TO ALLSTATE VEHICLE AND PROPERTY
INSURANCE CO

12/07/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

193RD Initial Dismissal Notice

Judicial Officer
GINSBERG, CARL

Hearing Time
1:30 PM

## Financial

REYES, ANGEL

| | | |
|---|---|---|
| Total Financial Assessment | | $343.00 |
| Total Payments and Credits | | $343.00 |
| | | |
| 8/29/2017 | Transaction Assessment | $343.00 |

| | | |
|---|---|---|
| CREDIT CARD - TEXFILE (DC) | Receipt # 55778- 2017- DCLK | REYES ANGEL |

## Documents

POP.pdf

Signed CC Info Sheet.pdf

Dallas County Citation Request.pdf

DC17-10970 BD.pdf

DC17-10970 AV.pdf

193RD Initial Dismissal Notice

ALLSTATE

FILED
DALLAS COUNTY
8/28/2017 3:54 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-03051-D   Document 1-1   Filed 11/03/17   Page 6 of 23   PageID 11

Christi Underwood

CAUSE NO. DC-17-10970 _____

| | | |
|---|---|---|
| ANGEL REYES | § | IN THE DISTRICT COURT |
| AND CARMELA REYES | § | |
| | § | |
| | § | |
| | § | |
| V. | § | ____JUDICIAL DISTRICT |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY AND | § | |
| BRIAN DANFORTH | § | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs ANGEL REYES and CARMEN REYES, file this Original Petition against

ALLSTATE INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE DEFENDANT"),

and BRIAN DANFORTH ("DANFORTH" or "ADJUSTER DEFENDANT" or herein

collectively as "DEFENDANTS") and in support thereof, would show as follows:

## I.
## DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery

control plan tailored to the particular circumstances of this suit.

## II.
## PARTIES AND SERVICE

Plaintiffs reside in Dallas County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiffs;

- The taking or receiving of application for insurance, including the Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiffs; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiffs.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas, 75201, or wherever else it may be found.

Defendant, Danforth, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 7965 PR 7408, Chandler, Texas, 75758 or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action were committed in Dallas County, Texas and the Plaintiffs and property which is the subject of this suit are located in Dallas County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiffs are the owners of a Texas Homeowner's Insurance Policy (hereinafter referred

to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiffs own the insured property, which is specifically located at 4836 Tarragon Lane, Grand Prairie, Texas 75052 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiffs.

During the terms of said Policy, on or about March 29, 2017, under Policy No. 000836233639 and Claim No. 0451120554, Plaintiffs sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiffs timely reported same pursuant to the terms of the Policy.  Plaintiffs asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy.  INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiffs' covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT, conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiffs. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it

and Plaintiffs.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiffs any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiffs full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Its

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiffs' claim and, to date, Plaintiffs have not received full payment for their claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiffs' claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

### V.
### CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A.    BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiffs.  Defendant's failure and/or refusal, as described above, to pay

Plaintiffs adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.     UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**2.     THE PROMPT PAYMENT OF CLAIMS**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas

Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**VI.**
**CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

## A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE

7

Plaintiffs re-allege the foregoing paragraphs.  At all pertinent times, the ADJUSTER DEFENDANT, Danforth, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, Danforth has, among other violations, violated the following provisions of the Code:

1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiffs to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

8

ADJUSTER DEFENDANT inspected Plaintiffs' property on or about April 9, 2017. During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' claim, including determining the cause of and then quantifying all of the damage done to Plaintiffs' property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, Danforth, ignored covered damages including but not limited to the main dwelling roof, garage door, window shutters, and gutters. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about May 19, 2017, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiffs, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiffs provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiffs allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiffs provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiffs made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and

failed to properly adjust the claim and the loss.  As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiffs have not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiffs.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiffs reasonably relied upon them.  As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiffs, Plaintiffs have suffered damages including, without limitation, actual damages, economic damages, and consequential damages.  Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiffs to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

## VIII.
## DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of DEFENDANTS' mishandling of Plaintiffs' claim in violation of the laws set forth above.

10

For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**IX.**

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiffs would show that:

11

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiffs' claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiffs;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiffs' construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiffs plead the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiffs request that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiffs' property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy.  Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to,

mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiffs/insureds and/or for the Plaintiffs' property as listed in the Plaintiffs' Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiffs' property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiffs' property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiffs' property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiffs have judgment against DEFENDANTS

for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiffs may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-4357
Facsimile:     (210) 490-8372

BY:__*/s/ Courtney R. Potter*_____
        Courtney Potter
        State Bar No. 24098273
        courtney.potter@krwlawyers.com

        ATTORNEY FOR PLAINTIFFS

**PLAINTIFFS REQUEST A TRIAL BY JURY**

FILED
DALLAS COUNTY
10/19/2017 10:31 PM
FELICIA PITRE
DISTRICT CLERK

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
    **BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
    **1999 BRYAN ST STE 900**
    **DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default
judgment may be taken against you. Your answer should be addressed to the clerk of the 193rd **District
Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **ANGEL REYES; CARMELA REYES**

Filed in said Court **28th day of August, 2017** against

## ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY; BRIAN DANFORTH

For Suit, said suit being numbered **DC-17-10970**, the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition REQUEST FOR DISCLOSURES,
REQUEST FOR PRODUCTION, a copy of which accompanies this citation. If this citation is not served,
it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

              /s/ Teresa Jones
By_____, Deputy
       **TERESA JONES**

---

**ESERVE**

**CITATION**

**DC-17-10970**

**ANGEL REYES, et al**
**vs.**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY, et al**

**ISSUED THIS**
**30th day of August, 2017**

**FELICIA PITRE**
Clerk District Courts,
Dallas County, Texas

**By: TERESA JONES, Deputy**

**Attorney for Plaintiff**
COURTNEY R. POTTER
KETTERMAN ROWLAND &
WESTLUND
16500 SAN PEDRO
SUITE 302
SAN ANTONIO TX 78232
210-490-4357

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-16970

Court No.193rd District Court

Style. ANGEL REYES, et al

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the _____ day of _____, 20___ at _____ o'clock _____ M. Executed at _____

within the County of _____ at _____ o'clock _____ M. on the _____ day of _____

20 _____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:  To certify which witness my hand.

For serving Citation        $ _____

For mileage                 $ _____        of _____ County, _____

For Notary                  $ _____        By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

_____

Notary Public _____ County

## CAUSE NO. DC-17-10970

| | | |
|---|---|---|
| **Angel Reyes; Carmela Reyes** | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **Allstate Vehicle and Property Insurance Company; Brian Danforth** | § | |
| Defendant. | § | **193RD DISTRICT COURT** |

### AFFIDAVIT OF SERVICE - CERTIFIED MAIL

On this day personally appeared **Raul M. Davila** who, being by me duly sworn, deposed and said:

"The following came to hand on **October 10, 2017, 12:45 pm**,

### PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, AND FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANT

and was executed on **October 13, 2017** by mailing to **Allstate Vehicle and Property Insurance Company by serving its Registered Agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201**, by regular mail and by Certified Mail, Return Receipt Requested, Receipt No. **7017 0530 0000 56318871**, a true copy of this citation.

The regular mail envelope **was not** returned. PS Form 3811 was returned on October 18, 2017 having been **signed on October 13, 2017** and is attached hereto.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

**Raul M. Davila**
SCH-11624 Exp. 08/31/2018

**BEFORE ME,** a Notary Public, on this day personally appeared **Raul M. Davila** , known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON Oct. 19, 2017

GRACE DUCATE
NOTARY PUBLIC
ID# 6125034
State of Texas
Comm. Exp. 07-12-2020

**Notary Public, State of Texas**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

DALLAS, DC-47-10970

Certified Mail Fee     $3.35                        0201
                                                      3
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00          Postmark
☐ Adult Signature Required         $ $0.00             Here
☐ Adult Signature Restricted Delivery $ $0.00

Postage          $1.61
$
Total Postage and Fees                              10/11/2017
$7.71

Sent To  CT Corporation System
Street and Apt. No., or PO Box No.  1999 Bryan St. #900
City, State, ZIP+4®  Dallas, Tx 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
1999 Bryan St. #900
Dallas, TX 75201

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 3081 7124 7544 55

2. Article Number (Transfer from service label)
7017 0530 0000 5631 8871

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                              ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Chris Wetter                    OCT 1 3 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                 ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                 ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery             ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
☐ Insured Mail                    ☐ Signature Confirmation™
   Restricted Delivery            ☐ Signature Confirmation
                                     Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053         Domestic Return Receipt